Benjamin Welansky v. Commissioner.
Welansky v. Commissioner
Docket No. 5338.
United States Tax Court
1946 Tax Ct. Memo LEXIS 123; 5 T.C.M. (CCH) 679; T.C.M. (RIA) 46183; July 31, 1946
*123 James T. Haslam, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: By this proceeding petitioner originally challenged the correctness of respondent's determinations as follows: 50%
25%
Deficiency
Penalty
Penalty
1935
$ 86.97
$ 43.49 $
1936
186.64
93.32
46.66
1937
1,303.91
651.96
1938
1,766.01
883.01
1939
1,345.51
672.76
Totals
$4,689.04
$2,344.54
$46.66
Petitioner did not appear when the case was called for hearing. [The Facts] During the years involved in this proceeding petitioner received income from various sources, such as theatres and moving picture shows in which he held financial interests. Another source of his income was the distribution, throughout the New England states, of prize fight motion picture films, an unlawful activity at that time. Petitioner did not file an income tax return for the year 1936. The returns filed by petitioner for the years 1935, 1937, 1938, and 1939 with the collector for the district of Massachusetts show the following: Gross Income
Net Income
1935
$1,560.00
none
1937
3,380.00
3,055.00
1938
7,280.00
6,786.35
1939
7,280.00
6,705.85
*124 Petitioner maintained a checking account in the Pilgrim Trust Company of Boston, Massachusetts, in the name of Novelty Distributing Company. The account was opened August 17, 1936, and contained a small balance at the close of 1939. Petitioner was the only person authorized to draw checks on that account. The records of the Pilgrim Trust Company show that petitioner was engaged in the moving picture business. Petitioner maintained a checking account in his own name at the National Shawmut Bank of Boston, Massachusetts. The account was opened on October 3, 1934, and continued until December 12, 1940. Petitioner was the only person authorized to draw checks on that account. Petitioner informed the Special Intelligence Agent that the bank accounts contained deposits of receipts from rental of prize fight films which he obtained from a New York source. The Special Intelligence Agent examined the bank deposits and, after deducting therefrom amounts stated by petitioner to have been paid to others for their interest in the film rentals and expenses of distribution, arrived at a figure representing the net amount retained each year by petitioner from that source. In addition to the *125 income derived from prize fight films, which petitioner did not report in his income tax returns, the bank deposits showed the receipt of salary and other items of income not reported. [Opinion] Respondent did not err by increasing the reported income of petitioner for the years 1935 to 1939, inclusive, by the addition thereto of the following amounts: 1935
$ 1,914.32
1936
5,483.02
1937
13,307.39
1938
13,711.71
1939
11,107.66
Respondent did not err by asserting a penalty of 50 percent against petitioner for each of the years 1935 to 1939, inclusive, and did not err by asserting a 25 percent penalty against petitioner for the year 1936. Some part of each of the deficiencies was due to fraud with intent to evade tax. Decision will be entered for the respondent.